CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
Ar Hbung
OCT 26 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Criminal Action No. 5:04CR00025 |
| v. | ) | **MEMORANDUM OPINION** |
| CHANCE DANIEL WHITTINGTON, | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | United States District Judge |

The defendant contests the inclusion in the presentence investigation report of conduct which predated his eighteenth birthday for consideration as relevant conduct at sentencing. The court requested additional briefing on this subject from both parties and now, having received and reviewed the supplemental brief and response, rules in favor of the United States.

## Factual and Procedural Background

Defendant Chance Whittington was charged in the initial indictment with a conspiracy to distribute cocaine base from December 2002 to December 2004. He later agreed to plead to an information which charged him only with a conspiracy from on or about September 12, 2003 through December 30, 2004. The defendant turned eighteen on September 11, 2003.

The defendant asserts that the probation officer improperly attributed the conduct of others who were involved in the conspiracy to him in the presentence investigation report. The officer included as relevant conduct those acts done in the scope of the conspiracy prior to the defendant's eighteenth birthday. In particular, the probation officer calculated the defendant's base offense level on the basis of 1.5 kilograms of cocaine base, even though the defendant pled guilty to conspiring to distribute only 50 grams or more. Additionally, the officer recommended a

1

two-point enhancement for possession of a firearm during the commission of the offense. The defendant contends that most of the instances of firearm possession occurred prior to his eighteenth birthday and are therefore not includable. He alleges that the incident involving a firearm on August 10, 2004 was insufficiently described in the presentence investigation report. The defendant objects to the adequacy of the allegations in the report to show that the firearm possession was related to the distribution conspiracy.

**Discussion**

The United States Sentencing Guidelines provide that all "reasonably foreseeable" conduct that occurs within the scope of a conspiracy should be included in the calculation of the base offense level and adjustments. See U.S.S.G. § 1B1.3(a)(1)(B). As applied to the instant case, there seems to be little dispute that the conduct that gives rise to the current objections was reasonably foreseeable. The question is whether the court may consider that conduct, which occurred prior to the defendant's eighteenth birthday, in determining the defendant's base offense level. The court now finds that the answer to that question must be in the affirmative.

Defendant Whittington's principal argument against the consideration of the 1.5 kilograms of cocaine base and the weapons in conjunction with his offense level is that, because he was a minor at the time this conduct occurred, he cannot be held criminally liable for it. The defendant emphasizes that the conduct in question does not include actions personally undertaken by him, but rather, includes the activities of others within the conspiracy. On this basis, he asserts, it is improper for the court to consider those actions in calculating his base offense level.

The Sentencing Guidelines offer limited advice as to how to resolve this apparent conflict. In Application Note 1 to section 1B1.3, the United States Sentencing Commission

2

wrote: "The principles and limits of sentencing accountability under this guideline are not always the same as the principles and limits of criminal liability." The United States and the defendant offer differing interpretations of this statement, but the better view is that the concepts of "sentencing accountability" and "criminal liability" are not coextensive. Therefore, a defendant who may not be properly chargeable with certain conduct because of his youth at the time the conduct occurred, may nonetheless retain sentencing exposure for that conduct.

This conclusion is clearly the one intended by section 1B1.3(a). Although a court has no power to hold a defendant criminally liable for acts committed prior to his attaining majority, it may hold him accountable for those acts during the sentencing process. As the commentary to section 1B1.3 explains, the court must first determine the scope of the criminal activity the particular defendant agreed to undertake, and then decide what actions of others were both in furtherance of the activity and reasonably foreseeable to the defendant. In this case, the parties have agreed that the scope of the criminal activity was a drug distribution conspiracy. As charged, the defendant's participation extended from September 12, 2003 to December 30, 2004. However, the court is not constrained by the time periods asserted in the criminal information when considering what conduct is properly characterized as relevant conduct. United States v. Kennedy, 32 F.3d 876, 890 (4th Cir. 1994) ("This broad concept of 'relevant conduct' includes activities that occurred before the date identified by the indictment as the starting date of the offense.").

The primary obstacle to establishing the defendant's criminal liability for the larger quantity of drugs and responsibility for the firearm is the technical reason that he was under eighteen at the time of some of that conduct. The defendant is correct that United States v. Maddox, 944 F.2d 1223 (6th Cir. 1991) and United States v. Claiborne, 92 F. Supp. 2d 503 (E.D.

3

Va. 2000) stand for the proposition that criminal liability may not be predicated on juvenile acts. However, those cases do not support the defendant's argument that no punishment may result from pre-eighteen conduct. Those cases direct that "[e]vidence of the juvenile acts may not be considered as substantive evidence of guilt." Claiborne, 92 F. Supp. 2d at 514. They do not contradict the mandate of the Sentencing Guidelines to include all reasonably foreseeable acts and omissions.

In contrast to the defendant's contention, the court must take into account conduct that is not formally charged in its determination of the appropriate offense level. As the United States Court of Appeals for the Seventh Circuit stated:

> [I]f a juvenile defendant was involved in a criminal conspiracy, the Guidelines command a judge to look past the actual charges brought against the juvenile; the inquiry focuses solely on whether the conspiracy's distribution activities were reasonably foreseeable to the defendant. In such a situation, courts can take the conspiracy's conduct into account regardless of whether the defendant was not (or, in this case, could not be) actually charged with conspiracy.

United States v. Jarrett, 133 F.3d 519, 533 (7th Cir. 1998). See also United States v. Hough, 276 F.3d 884, 898 (6th Cir. 2002) ("Even if the district court lacked jurisdiction to prosecute Anthony Gibbs for his juvenile conduct as a separate crime, it did not lack jurisdiction to consider his juvenile behavior in calculating his sentence under § 1B1.3(a)(2) for a crime he committed as an adult").[1]

The defendant further requests the court to apply the rule of lenity in construing the relevant Guidelines provision. See United States v. Bass, 404 U.S. 336, 347 (1997). Although the

---

[1] Defendant Whittington attempts to distinguish Hough on the grounds that the defendant in that case personally committed the acts that gave rise to his sentencing enhancements, whereas Mr. Whittington's enhancements are based on the acts of others involved in the conspiracy. This argument discounts the plain language of section 1B1.3(a). The triggering factor for the base offense level and adjustments calculation is the defendant's involvement in the conspiracy, and therefore, the principle stated in Hough is applicable here.

4

court recognizes the rule's application to ambiguous criminal statutes, the rule does not have any applicability here. The Sentencing Guidelines are explicit: "*all* reasonably foreseeable acts and omissions" are to be included in the determination of the base offense level and adjustments. U.S.S.G. § 1B1.3(a)(1)(B). This clear directive admits of no ambiguity upon which the court might apply the rule of lenity.

## Conclusion

The enhancements for a quantity of drugs in excess of the quantity stipulated in the plea agreement and the firearm possession are properly included in the determination of the defendant's base offense level and adjustments. In the case of a conspiracy such as the one at issue, the Sentencing Guidelines make it incumbent upon the court to consider all of the reasonably foreseeable conduct of others in furtherance of the conspiracy when sentencing the defendant.

For the reasons stated, defendant's objection to the presentence investigation report is overruled. The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

ENTER: This 26th day of October, 2005.

*[signature]*

United States District Judge